UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Francisco Panti, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:25-cv-01345 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| Jazzberry Digital Solutions Inc., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Francisco Panti, Lauretiu Mateescu, Rosa Salas, Daniel Santos, Maria Consolacion Carreon, Roberto Martinez, Agustin Alvarado, Galo Alvarado, Richelle Alvarado, Jessica Jasso, Miguel Cabanas, Minerva Jasso, Jorge Zamudio, Ignacio Jasso, Angelica Rodriguez, Maria Jasso, Veronica Jasso, Felipe Jasso, Tereza Jasso, Angel Rico, Raul Rico, Karen Rico, Olga Botello, Luis Botello, Jose Botello, Evelyn Botello, Lorenzo Alvarez, Lourdes Duran, Paulino Duran, Orlando Barrera, Minerva Jasso Jr., Mario Lozano, Carlos Monarrez, Maria Guadalupe Monrroy and Antonino Santamaria, individually and on behalf of themselves (together "Plaintiffs")[1] bring this action against Defendants, Jazzberry Digital Solutions, Inc. ("Jazzberry"), OLEM LLC ("OLEM"), Rosa Venisia Garcia ("Defendant Garcia"), Elizabeth Noemy Esparza ("Defendant Esparza"), and Brek Snyder, (together "Defendants"), alleging Defendants, through a coordinated scheme, misrepresented the nature, benefits, and profitability of investment securities involving cryptocurrency and other investments, leading to substantial financial losses for the Plaintiffs.

---

[1] The Court acknowledges it granted Plaintiffs' motion for leave to file an amended complaint to add new plaintiffs on March 26, 2025. While Plaintiffs timely filed their Amended Complaint on April 7, 2025, Defendants did not include the additional Plaintiffs in the case caption of their Motion to Dismiss. For consistency and to ensure the Court rules based on the operative Complaint, the Court includes the newly added Plaintiffs.

1

In their Amended Complaint, Plaintiffs seek damages for the following causes of action: (I) federal securities fraud; (II) violation of the Illinois Securities Law; (III) fraud and deceit; (IV) breach of contract; (V) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"); (VI) negligent misrepresentation; (VII) unjust enrichment; (VII) conversion; (VIX) breach of fiduciary duty; (X) and accounting. Before this Court is Defendants' Esparza, Garcia, and OLEM's Motion to Dismiss claims against Esparza for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and claims against Esparza, Garcia, and OLEM for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"). For the reasons stated herein, the Court grants Defendants' Motion [23], without prejudice.

**BACKGROUND**

On a motion to dismiss, the Court accepts a complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). Unless otherwise noted, the following factual allegations are taken from Plaintiffs' Amended Complaint, Dkt. 22, and are assumed true for purposes of this Motion. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Over a series of communications beginning on or around January 2021, Defendants engaged in a campaign to solicit investments from Plaintiffs and others in the Illinois Hispanic Community. Through email exchanges, webinars, and direct communications, Defendants promised unprecedented returns, minimal risks, and the implementation of advanced technology.

Jazzberry and OLEM began to offer securities in the form of promissory notes and contracts as investments to Plaintiffs. In some cases, Jazzberry made promises of monthly returns in the amount of 15 percent or more on their principal for a six-month term, telling Plaintiffs that their money would be invested in Gold, Silver, Cryptocurrencies, and traded on Forex. Plaintiffs invested capital into the venture presented by Defendants, in reliance on the representations and assurances provided by

Defendants, which painted a picture of a highly lucrative, low risk opportunity backed by cutting-edge technology and strategic industry insights.

Contrary to their investment assurances, neither individual Defendants, nor their Defendant Companies, Jazzberry and OLEM, were ever registered to offer or sell securities in or from the State of Illinois. Through information and belief, Defendants were never registered to offer or sell securities in any state. Defendants failed to provide Plaintiffs with their monthly returns of 15 percent on their principal for the six-month term as promised in the promissory notes. Defendants also failed to return to Plaintiffs their principal and interest guaranteed in the promissory notes.

In response to Plaintiffs' repeated requests for payment, Defendants have made misrepresentations regarding the investments and the causes for delays in returning the principal of the investments when requested. Plaintiffs maintain the financial losses sustained by Plaintiffs as a direct consequence of Defendants' actions were not mere outcomes of market volatility or operational issues but were significantly exacerbated by Defendants' misrepresentations and mismanagement. Because Defendants failed to provide promised investment reports, Plaintiffs, on information and belief, conclude that the investments were used by Defendants for their personal use, leaving Plaintiffs with substantial financial losses.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020). A plaintiff need only make a prima facie showing of personal jurisdiction. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Curry*, 949 F.3d at 393. "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, [however], the plaintiff must go beyond the

pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F.Supp. 2d 837, 843 (N.D. Ill. 2009) (Dow, Jr., J.) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003)). "The Court resolves factual disputes in the pleadings and affidavits in favor of the party asserting jurisdiction but takes as true facts contained in a defendant's affidavits that remain unrefuted by the plaintiff." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

**DISCUSSION**

**I.     MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

Defendants move the Court to dismiss Plaintiffs' claims for lack of personal jurisdiction over Defendant Esparza. Plaintiffs, in their response, seemingly concede the lack of general jurisdiction, arguing only that the Court has specific personal jurisdiction over Defendant Esparza.

To exercise specific personal jurisdiction over individual defendants, a plaintiff must show: (1) individual defendants purposefully availed themselves of the privilege of conducting business in the forum state or personally directed activities at the state; (2) a plaintiff's alleged injury must have arisen

4

out of the individual defendant's forum-related activities; and (3) any exercise of personal jurisdiction comports with the traditional notions of fair play and substantial justice. *See Curry*, 949 F.3d at 398.

In their Motion and accompanying sworn declaration, Defendants state that Defendant Esparza has never directed any of her activities to or availed herself of the benefits of Illinois, (Dec. of Esparza ¶9), has never met or spoken with any of the Plaintiffs and has no idea who they are, (Dec. of Esparza ¶8), has never had any involvement in the investment scheme alleged in the Amended Complaint (Dec. of Esparza ¶9). Defendant Esparza also maintains that she was fortuitously placed on OLEM operating documents by her mother for a brief period, but had no involvement whatsoever in its business, and did not even know what business it engaged in. (Dec. of Esparza ¶11); (*see* Dkt.23 at *4-5). In their response, Plaintiffs merely restate, on information and belief, that Esparza was actively engaged in business with her mother and assert that because she is listed as a member in the operating documents of OLEM filed with the Secretary of State in California, she purposefully availed herself into the forum and had minimum contacts with Illinois. (See Dkt. 25 at *3).

The Court finds Plaintiff has not met its burden in establishing that personal jurisdiction exists over Defendant Esparza. Here, Esparza has presented by declaration, under oath, that she never met the Plaintiffs, nor was she ever made aware of them until this Amended Complaint was filed. (Dkt. No. 23-1, ¶¶8 and 10). Plaintiffs have not presented any declaration, affidavit, countervailing documents or facts, beyond information and belief, to rebut her sworn claims. Without evidence to the contrary, the Court takes as true those facts contained in Defendants' declaration that remain unrefuted by the Plaintiff. *See C.S.B. Commodities,* 626 F.Supp. 2d at 843.

Accordingly, the Court finds it lacks personal jurisdiction over Esparza and dismisses the case against her pursuant to Fed. R. Civ. P. 12(b)(2).

I.   **MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Defendants next move the Court to dismiss every claim in fraud against Defendants Garcia, Esparza, and OLEM, for failing to satisfy the heightened pleading requirement outlined in Rule 9(b) and additionally move the Court to dismiss the breach of contract claims against Defendants Garcia and Esparza for failure to state a claim. Because the Court does not have a basis for exercising personal jurisdiction over Defendant Esparza, it cannot address the adequacy of the pleadings against her for purposes of Rule 12(b)(6). *See Kraft Chem. Co. v. Salicylates & Chemicals Priv. Ltd.*, No. 14 C 04186, 2014 U.S. Dist. LEXIS 185312, 2014 WL 11127924, at *3 (N.D. Ill. Oct. 28, 2014) (Tharp, J.). Accordingly, the Court only addresses the sufficiency of the pleadings and argument for dismissal pertaining to Defendant Garcia and OLEM.

### A. Sufficiency of Fraud Allegations against Defendant Garcia and OLEM

Rule 9(b) requires a party alleging a claim in fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) (citation omitted). A claim that "sounds in fraud"—in other words, one that is premised upon a course of fraudulent conduct—can also implicate Rule 9(b)'s heightened pleading requirements. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Where a plaintiff's claim is predicated on the same allegations of fraudulent conduct that support an independent claim of fraud, resolution of the fraud claim against the plaintiff is generally dispositive of the related claim. *See, e.g., Ass'n Benefit Servs. v. Caremark Rx, Inc.*, 493 F.3d 841, 855 (7th Cir.2007).

Here, Defendants argue every claim, absent the negligent misrepresentation claim (VI), is premised on the alleged course of fraudulent conduct, and therefore must meet Rule 9(b)'s heightened pleading standard. (Dkt. 23 at *7). Defendants further argue that each of these claims fail to meet the standard necessary to survive a motion to dismiss, because Plaintiff has lumped all Defendants

6

together without detailing the who, what, when, where, and how of the alleged fraudulent conduct. (*See id.*). Plaintiffs, by contrast, argue that Counts I and II, federal securities fraud and violation of Illinois securities law, do not plead fraud, but rather plead violations of federal and state securities laws; that counts VII through X do not plead fraud, but instead assert unjust enrichment, conversion, breach of fiduciary duty, and accounting, and that Counts III, V, and VI, fraud and deceit, violation of ICFA, and negligent misrepresentation, meet the pleading standard of Rule 9(b). (*See* Dkt. 26 at *4).

The Court agrees with Defendants that all Plaintiffs' claims, excluding the negligent misrepresentation claim, are premised upon the same course of fraudulent conduct outlined in Plaintiffs' fraud claims, implicating Rule 9(b)'s heightened pleading requirements. *See Borsellino*, 477 F.3d at 507 (7th Cir. 2007). The Court also agrees with Defendants that Plaintiffs' claims, as currently pled, fail to state with particularity Defendant Garcia and OLEM's participation in the alleged fraudulent behavior. Rather, Plaintiffs have lumped all the Defendants together without detailing what specific representations Defendant Garcia and OLEM made and what those misrepresentations were. Because Plaintiffs' claims fail to state with particularity the circumstances constituting fraud as to meet Rule 9(b)'s heightened pleading standard, the Court dismisses Plaintiffs' fraud and deceit, ICFA, and negligent misrepresentation claims. The Court also dismisses Plaintiffs' unjust enrichment, conversion, breach of fiduciary duty, and accounting claims against Defendant Garcia and OLEM, because they are predicated on the same allegations of fraudulent conduct the Court deems insufficient to survive. *See Caremark.*, 493 F.3d at 855.

### A. Sufficiency of Breach of Contract Claims Against Defendant Garcia

Finally, the Court addresses the sufficiency of Plaintiffs' breach of contract claim against Defendant Garcia. To adequately plead a breach of contract claim under Illinois law, a plaintiff must establish: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3)

7

breach of contract by the defendant; and (4) resulting injury to the plaintiff. *Gallagher Corp. v. Russ*, 309 Ill. App. 3d 192, 199 (1999); *Spitz v. Proven Winners North America, LLC*, 759 F.3d 724, 730 (7th Cir. 2014).

Defendants argue Plaintiffs cannot establish the first element, that there existed a valid and enforceable contract between Plaintiffs and Defendant Garcia because none of the contracts attached to the Amended Complaint as Exhibit 1, reflect Defendant Garcia's name as a signatory (where other Defendants are reflected), mention her as a party to the agreement, or reference her involvement in any instance. (*See* Dkt. 23 at *8). Because Plaintiff ignored these assertions and provided no explanation for the contradiction, the Court also dismisses Plaintiffs' breach of contract claim against Defendant Garcia.

**CONCLUSION**

For these reasons, the Court grants Defendants' Motion to Dismiss without prejudice [ 23]. Plaintiffs are granted leave to amend their Amended Complaint within 30 days if they have a good faith basis for believing they can cure the pleading deficiencies identified in this opinion. If Plaintiffs do not file an amended complaint within 30 days from the date of this Order, Plaintiffs' case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 10/24/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

8