# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| Francisco Panti, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:25-cv-01345 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Jazzberry Digital Solutions Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Francisco Panti, Lauretiu Mateescu, Rosa Salas, Daniel Santos, Maria Consolacion Carreon, Roberto C. Martinez, Agustin Alvarado, Galo Alvarado, Richelle Alvarado, Jessica Jasso, Miguel Cabanas, Minerva Jasso, Jorge Zamudio, Ignacio Jasso, Angelica Rodriguez, Maria Jasso, Veronica Jasso, Felipe Jasso, Tereza Jasso, Angel Rico, Raul Rico, Karen Rico, Olga Botello, Luis Fernando Botello, Jose Botello, Evelyn Botello, Lorenzo Alvarez, Lourdes Duran, Paulino Duran, Orlando Barrera, Minerva Jasso Jr., Mario Lozano, Carlos Monarrez, Maria Guadalupe Monrroy, Antonino Santamaria, and Mariela Jaso, individually and on behalf of themselves (together "Plaintiffs"), bring this action against Defendants, Jazzberry Digital Solutions, Inc. ("Jazzberry"), OLEM LLC ("OLEM"), Rosa Venisia Garcia ("Defendant Rosa"), Brek Snyder ("Defendant Snyder"), and Armando Garcia ("Defendant Armando") (together "Defendants"), alleging Defendants, through a coordinated scheme, misrepresented the nature, benefits, and profitability of investment securities involving cryptocurrency and other investments, leading to substantial financial losses for Plaintiffs.

In their Second Amended Complaint (hereinafter, "SAC"), Plaintiffs seek damages for the following causes of action: (I) federal securities fraud; (II) violation of Illinois securities law; (III)

1

common law fraud and deceit; (IV) breach of contract; (V) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (VI) negligent misrepresentation; (VII) unjust enrichment; (VII) conversion; (VIX) breach of fiduciary duty; (X) and accounting. Before this Court is Defendant OLEM and Defendant Rosa's Motion to Dismiss ("Motion") all claims sounding in fraud against them pursuant to Fed. R. Civ. P. 9(b) and the breach of contract claim against Defendant Rosa. For the reasons stated herein, the Court grants Defendants' Motion as to all fraud claims and claims sounding in fraud, without prejudice, and grants Defendants' Motion to dismiss the breach of contract claim against Defendant Rosa, with prejudice [23].

## BACKGROUND

On a motion to dismiss, the Court accepts the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). Unless otherwise noted, the following factual allegations are taken from Plaintiffs' SAC, Dkt. 34, and are assumed true for purposes of this motion. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

### A. Factual Background

Beginning in or around 2021, Defendants promoted uniform investment offerings to Illinois residents, promising approximately 15% to 18% monthly returns for a six-month term, a return of principal, and describing the investments as safe or risk-free. Defendants conducted Illinois-based meetings (including at 4822 S. Kedzie Ave., Chicago) and Illinois-directed remote sessions, during which they promoted uniform investment offerings to Illinois residents, promising approximately 15% to 18% monthly returns for a six-month term, a return of principal, and describing the investments as "safe" or "risk-free." Defendants represented that investor funds would be deployed in legitimate operations, and in reliance on those assurances, Plaintiffs made payments from Illinois financial institutions to Defendants Jazzberry and OLEM.

2

Despite these assurances, Defendants failed to commence the promised monthly payments and failed to return principal when demanded. They also refused to provide promised reports or accounting and offered inconsistent explanations, if any, for the nonperformance. The nonperformance caused "concrete out-of-pocket losses to Plaintiffs." Based on these losses and subsequent reports against Defendants, the Illinois Secretary of State issued a Final Order of Prohibition on January 26, 2023, permanently prohibiting Rosa, Jazzberry, and OLEM from offering or selling securities and from engaging in the business of an investment adviser or investment adviser representative in or from Illinois.[1] The Final Order adopted findings that respondents targeted Illinois investors with promissory-note offerings, promised monthly returns of approximately 15% for six months, directed investors to pay in the names of OLEM and Jazzberry, failed to pay the promised monthly returns and to return principal, repeatedly made material misrepresentations and omissions, and were not registered to offer or sell securities in or from Illinois.

### B. Procedural Background

Plaintiffs filed their original complaint on February 2, 2025, (Dkt. 1). On October 14, 2025, the Court Dismissed Plaintiff's fraud claims and claims sounding in fraud against Defendants Rosa and OLEM, for failing to satisfy the heightened pleading requirement outlined in Rule 9(b) and additionally dismissed the breach of contract claims against Defendant Rosa for failing to state a claim. In their amended pleading, filed on November 24, 2025, Plaintiffs alleged the following facts in an effort to comply with Rule 9, which "ordinarily requires the 'who, what, when, where, and how' of the fraud." *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011):

---

[1] The Court takes judicial notice of the Final Order of Prohibition, 2200598, last visited July 29, 2026, https://apps.ilsos.gov/adminactionssearch/adminactionssearch?command=viewPDF&itemId=92%203%20ICM7%20PRODCMZ13%20SE_AA_MgtView59%2026%20A1001001A23A30B61309G1492418%20A23A30B61309G149241%2014%201051. *See Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1096 n.1 (7th Cir. 2015)( "[t]he Court can take judicial notice of documents in the public record.").

**Who:** The speakers and disseminators included, individually or jointly, Rosa Venisia Garcia (OLEM), Brek Snyder (Jazzberry), and Armando Garcia, acting in concert and through agents/promoters.

**What:** The misrepresentations included guaranteed monthly returns of approximately 15% to 18% for six months; characterizing the investments as safe or risk-free; promising a return of principal at term; and describing the use of funds in legitimate operations. Material facts regarding risk, use of funds, and the ability or intent to perform were omitted.

**When:** The misrepresentations occurred repeatedly from 2021 through 2022 in connection with in-person meetings in Chicago and remote sessions directed into Illinois, and contemporaneously with program enrollments and payment instructions.

**Where:** The solicitations occurred in Illinois venues, including 4822 S. Kedzie Ave., Chicago, and through communications expressly aimed at Illinois residents. Payments were initiated from Illinois accounts.

**How:** Defendants presented uniform program terms; directed investors to transfer funds to Jazzberry and OLEM accounts; and then failed to make monthly payments or return principal. The Illinois Secretary of State's Final Order of Prohibition (January 26, 2023) corroborates that respondents solicited Illinois residents with promissory-note programs promising monthly returns, directed payments to Jazzberry and OLEM, and failed to perform, while unregistered to offer or sell securities in or from Illinois.

Upon review of the SAC, Defendants OLEM and Rosa now move to dismiss all fraud claims and claims sounding in fraud against OLEM and Rosa, arguing the SAC still fails to plead fraud with the requisite particularity. Defendant Rosa also moves to dismiss the breach of contract claim against her, arguing Plaintiffs fail to allege a valid and enforceable contract. *See* (Dkt. 38 at *3-4),

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is

4

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Rule 9(b) further requires a party alleging a claim in fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). As explained, *supra* at 3, this "ordinarily requires the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615. A claim that "sounds in fraud"—in other words, one that is premised upon a course of fraudulent conduct—can also implicate Rule 9(b)'s heightened pleading requirements. *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Where a plaintiff's claim is predicated on the same allegations of fraudulent conduct that support an independent claim of fraud, resolution of the fraud claim against the plaintiff is generally dispositive of the related claim. *See, e.g.*, *Ass'n Benefit Servs. v. Caremark Rx, Inc.*, 493 F.3d 841, 855 (7th Cir.2007).

The Court previously determined all Plaintiffs' claims, excluding the negligent misrepresentation claim,[2] were premised upon the same course of fraudulent conduct outlined in Plaintiffs' fraud claims, implicating Rule 9(b)'s heightened pleading requirements. *See Borsellino*, 477 F.3d at 507 (7th Cir. 2007). (Dkt. 29 at *7.) As such, the Court now determines if the allegations in the amended pleading satisfy Rule 9(b)'s heightened pleading requirement sufficient to survive the present Motion.

**DISCUSSION**

**A. Fraud Claims and Claims Sounding in Fraud**

---

[2] *See Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.2007) ("In contrast to a claim sounding in fraud, Rule 9(b)'s strictures do not apply to claims of negligent misrepresentation.").

Defendants first move the Court to dismiss every fraud claim and claim sounding in fraud against Defendants OLEM and Rosa, arguing the SAC still fails to satisfy Rule 9(b). Specifically, Defendants argue the SAC still fails to identify who made the alleged misrepresentations, and instead lumps all the Defendants together without detailing who said what, when they said it, and where. (Dkt. 38 at *3.) This style of pleading, Defendants argue, is improper and does not satisfy Rule 9(b). *See id.* (citing *Cornielsen v. Infinium Capital Management, LLC*, 916 F.3d 589, 599 (7th Cir. 2019) ("[a] complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient" under Rule 9(b)). Defendant asserts Plaintiff's failure to specify the circumstances for all 36 plaintiffs, individually, including who heard what, by whom, where it was said, and the date of the representation, further evidences the insufficiency of the SAC. (Dkt. 38 at *3.)

Plaintiffs, in opposition, assert the SAC and exhibits present defendant-specific facts sufficient to maintain their claims. Specifically, Plaintiff's reference ¶¶ 19-24 of their SAC, which details the who, what, when, where, and how of the fraud, *supra* at 4, as definitive proof that they pled their claims with the specificity required by Rule 9(b). (Dkt. 39 at *2.) Plaintiffs explain, "the record attributes statements and directions specifically to Rosa and OLEM … ties them to dates, venues, instruments, and bank destinations, and maps each plaintiff's reliance and payment." (*Id.* at *3.) For example, Plaintiff's opposition provides "illustrative examples," of this information by providing speakers, timing, venues, instruments, and bank routing information of 6 of the 36 Plaintiffs. (*Id.* at *2-3.) While Plaintiffs concede the Court may require more plaintiff-by-plaintiff details in the pleading itself, Plaintiff argues that Defendants' request for dismissal without leave to amend is unwarranted where additional allegations could cure any perceived deficiency. (Dkt. 43-1 at *4.) Finally, Plaintiffs conclude, because the SAC already alleges payment and misrepresentation particulars can be specifically identified, the Court should allow further amendment, rather than dismiss the SAC with prejudice, like Defendants request. *See* (*id.*)

Despite their amendments, Plaintiffs' claims are still insufficient. When alleging the who, what, when, where and how, a plaintiff may not lump the defendants together in a group; rather, the plaintiff must specify each defendant's participation in the alleged fraud. *Daniels v. Bursey*, 313 F. Supp. 2d 790, 801 (N.D. Ill. 2004) (Kennelly, J.). Plaintiff cannot provide "illustrative examples" of the fraud through 6 Plaintiffs, but instead, must "state with particularity the circumstances constituting fraud," for all 36 Plaintiffs. *See* Fed. R. Civ. P. 9(b). As Defendants argue and Plaintiffs concede, in order to satisfy the specificity required by Rule 9(b), Plaintiffs must provide plaintiff-by-plaintiff details in the pleading itself. While Plaintiffs opposition comes closer to providing this information with particularity, for the six "illustrative examples," the SAC is void of any of this information, and surely does not outline this information with particularity for the other 30, unreferenced, Plaintiffs. While Plaintiffs argue the "record" overall includes this information for all 36 Plaintiffs, the Court will not fetter through the SAC to locate these requisite facts. *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 535 (N.D. Ill. 2008) (Cole, J.) ("It is not for a court to comb through the record or to make an argument that the briefs do not make or to find record support for one that is."). Accordingly, Plaintiffs cannot maintain their fraud claims and claims sounding in fraud absent facts stating with particularity the circumstances constituting fraud, for **each** individual Plaintiff.

The Court does recognize, however, that the SAC already alleges that payment and misrepresentation particulars can be specifically identified for each Plaintiff, making leave for further amendment appropriate. Seventh Circuit precedent is clear that the Court should err on the side of allowing an amendment; "a court should deny leave to amend only if it is certain that amendment would be futile or otherwise unwarranted." *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). The information Plaintiffs provide in their opposition, as well as the full record, illustrates to the Court that if Plaintiffs provide the circumstances constituting fraud as to each individual Plaintiff, their

7

claims *may* be sufficient. As such, the Court will provide Plaintiffs with one final opportunity to submit an amended complaint in this matter that complies with the heightened pleading standard outlined in Rule 9.[3] If Plaintiffs fail to comply with Rule 9 in a third amended complaint, or otherwise fail to file an amended complaint, Plaintiffs' fraud claims and claims sounding in fraud will be dismissed with prejudice.

## B. Breach of Contract Claims Against Defendant Rosa

Defendants additionally move the Court to dismiss Plaintiffs' breach of contract claims against Defendant Rosa. To adequately plead a breach of contract claim under Illinois law, a plaintiff must establish: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resulting injury to the plaintiff. *Gallagher Corp. v. Russ*, 309 Ill. App. 3d 192, 199 (1999); *Spitz v. Proven Winners North America, LLC*, 759 F.3d 724, 730 (7th Cir. 2014).

In their Motion, Defendants argue Plaintiff cannot establish the first element, namely, that there existed a valid and enforceable contract between Plaintiffs and Rosa. (Dkt. 38 at *4.) They assert, because Rosa, herself, is not one of the contracting entities that is a party to the agreements, Plaintiffs' breach of contract claims against Rosa, fail. (*Id.*) In their opposition, Plaintiffs ignore these arguments, but instead argue that Rosa "remains personally liable for her own torts and equitable-remedy exposure based on her direct solicitations."

Plaintiffs still fail to offer any facts or authorities that establish Rosa was a signatory to the agreements or otherwise subject to contract liability. As such, their breach of contract claims against her, fail. Based on the record before the Court, it dismisses this claim, with prejudice, since any

---

[3] The Court also notes the Plaintiffs are not bound to submit a sufficient pleading with their present counsel and may seek assistance from alternative counsel who can comply with these pleading requirements.

amendment would be futile. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (courts may dismiss complaint with prejudice "[w]here it is clear that the defect cannot be corrected so that amendment is futile").

**CONCLUSION**

For these reasons, the Court grants Defendant's Motion to Dismiss Plaintiffs' fraud claims and claims sounding in fraud (Count I-III, V, VII, IX-X ), without prejudice. The Court additionally dismisses Plaintiffs' breach of contract claim against Defendant Rosa (Count IV), with prejudice [38]. The Court declines to rule on the merits of Counts VI (negligent misrepresentation) and VIII (conversion) absent a surviving federal claim. Plaintiffs are granted one final leave to amend their complaint within 30 days if they have a good faith basis for believing they can cure the pleading deficiencies identified in this Opinion. If Plaintiffs do not file an amended complaint within 30 days from the date of this Opinion, the claims resolved in this Motion against Defendants OLEM and Rosa will be dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 8/5/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

9